FILED
U.S. DISTRICT COURT
2008 DEC -8 PM 2:34
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHNNIE L. HANSLEY,

    Petitioner,

vs.

DEBORAH A. HICKEY, Warden, and
THE STATE OF GEORGIA,

    Respondents.

CIVIL ACTION NO.: CV208-046

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Johnnie Hansley ("Hansley"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, to which Hansley responded. Respondent filed a Reply. Hansley filed a Surreply. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Hansley was convicted in Jeff Davis Superior Court of driving under the influence and of being a habitual violator in January 1986. Hansley received two (2) years' imprisonment on each count, to be served concurrently. These sentences were amended to a four (4) year probationary term, which terminated on July 1, 1988. (Doc. No. 6, pp. 3-4).

AO 72A
(Rev. 8/82)

Hansley was convicted of possession with intent to distribute and conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, in the Middle District of Florida and was sentenced to life imprisonment. Hansley filed an appeal, and the Eleventh Circuit Court of Appeals affirmed Hansley's conviction and sentence. Hansley then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida. The District Court for the Middle District of Florida dismissed Hansley's motion, finding that his claims were time-barred. Hansley's application to file a successive § 2255 motion was denied, as was his petition for certiorari.

In the instant petition, Hansley contends his expired state sentences should be expunged because he was denied representation by appointed counsel. Hansley asserts his state sentences were used to enhance his federal sentence.

Respondent alleges Hansley's petition is a § 2255 challenge to his federal sentence. Respondent asserts the petition should be dismissed because Hansley cannot satisfy section 2255's savings clause.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Hansley has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded by section 2255 is inadequate or ineffective to challenge his sentence based on his contention that § 2255 is restrictive and unconstitutional. (Doc. No. 9, p. 14).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964)

AO 72A
(Rev. 8/82)

(holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Hansley fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition.[1] Simply because the trial court, the Eleventh Circuit, and the United States Supreme Court have declined to address the merits of Hansley's claims on several previous occasions does not render section 2255's remedy inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (stating that restrictions on the filing of successive section 2255 motions do not render the remedies afforded by that statue inadequate or ineffective). Hansley has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 641-42 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

---

[1] Hansley has not set forth any evidence, nor has he even asserted, he was successful in having his state convictions vacated.

Hansley cites Dodd v. United States, 545 U.S. 353 (2005), as support for his position that section 2255 is inadequate or ineffective to challenge his sentence. In Dodd, the Supreme Court stated that an applicant has one year[2] from the date on which the right he asserts was initially recognized by the Supreme Court in which to file a section 2255 motion, pursuant to ¶6(3) of that statute. 545 U.S. at 358. However, the Supreme Court reasoned that a petitioner cannot take advantage of this date unless the other conditions of this statute were also met, i.e., this right must be newly recognized *and* have been made retroactively applicable to cases on collateral review. Id. Hansley has not made the most basic showing under Dodd which would indicate he is entitled to his requested relief.[3]

Hansley cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's

---

[2] According to section 2255, the statute of limitations period shall run from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[3] To the extent Hansley asserts he became aware in July 2008 that he was not afforded counsel during his state court proceedings, this assertion is without merit. The exhibits Hansley submitted in response to the Respondent's Motion reveal he requested appointed counsel on June 26, 1985, and his request was denied on March 17, 1986. Even if this Court were to accept the contention that Hansley discovered in July 2008 that the state court's denial of his request for appointed counsel is in violation of his Sixth Amendment right to counsel, Hansley has not shown how he could not have uncovered this information after more than 22 years in the exercise of due diligence. See 28 U.S.C. § 2255(f)(4). Additionally, Hansley's petition would be untimely based on 28 U.S.C. § 2255(1)-(3), supra footnote 2.

claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Green is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.[4]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Hansley's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this \_\_\_8th\_\_\_ day of December, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] Hansley's petition also could be dismissed because he has not obtained authorization from the Eleventh Circuit to file a second or successive section 2255 motion. 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").